Molly J. Baier (SBN 116889)
Email: mbaier@reedsmith.com
David S. Reidy (SBN 225904)
Email: dreidy@reedsmith.com
John D. Pingel (SBN 267310)
Email: jpingel@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Countrywide Home Loans, Inc. (sued as "America's Wholesale Lender"); BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loan and Insurance Company, Inc."), ReconTrust Company, N.A.; and Freddie Mac (sued as "Freddie Mac, Federal National Loan Mortgage Corporation")

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO J. OLIVER, Debtor/Mortgagee, JEREMIE CRUZ, Mortgagee, WALTER HARRELL, Mortgagee, <br><br>Plaintiff, <br><br>vs. <br><br>AMERICA'S WHOLESALE LENDER, BANK OF AMERICA HOME LOAN AND INSURANCE COMPANY, INC, RECONTRUST COMPANY, INC, Trustee, FREDDIE MAC, FEDERAL HOME LOAN MORTGAGE CORPORATION, Beneficiary, <br><br>Defendants. | Adversary Proceeding No. 10-05388 <br><br>*Lead BK Case*: 10-59423-ASW <br>*Lead BK Chapter*: 13 <br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO PLAINTIFFS' COMPLAINT** <br><br>Hon. Arthur S. Weissbrodt <br><br>Complaint filed November 11, 2010 |

Defendants Countrywide Home Loans, Inc. (sued as "America's Wholesale Lender"); BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loan and Insurance Company, Inc."), ReconTrust Company, N.A.; and Freddie Mac (sued as "Freddie Mac, Federal National Loan Mortgage Corporation") (collectively, "Defendants") hereby answer the Complaint of Plaintiffs Edgardo J. Oliver, Jeremie J. Cruz, and Walter Harrell (collectively, "Plaintiffs"). Unless expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations of the Complaint and, on that basis, deny the allegations.

## ALLEGATIONS OF COMPLAINT

1. Answering Defendants admit that Edgardo J. Oliver filed for Chapter 13 Bankruptcy on September 10, 2010.

2. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 2 of the Complaint.

3. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 3 of the Complaint.

4. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 4 of the Complaint.

5. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 6 of the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7. Answering Defendants lack information or knowledge sufficient to enable an answer to be made, and upon that basis, deny each and every allegation contained in Paragraph 7 of the Complaint.

## CONCLUSION

Answering Defendants deny that Plaintiffs are entitled to the relief demanded in their Complaint.

## AFFIRMATIVE DEFENSES

Answering Defendants hereby allege the following separate and distinct defenses and affirmative defenses without conceding that Defendants necessarily bear the burden of proof or persuasion. Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, if the facts warrant, Answering Defendants will withdraw any of these defenses as may be appropriate.

## FIRST AFFIRMATIVE DEFENSE

(Bad Faith Filing)

1. Plaintiffs' property is not subject to an automatic stay because the property was transferred and the bankruptcy was filed in bad faith.

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

2. Plaintiffs' claims are barred by the equitable doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

3. Plaintiffs' claims are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. Plaintiffs' claims are barred by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

6. Plaintiffs' claims are barred, in whole or in part, by the operation of any and all applicable statutes of limitation and requirements.

## SEVENTH AFFIRMATIVE DEFENSE

(Mitigation)

7. Plaintiffs' claims are barred, in whole or in party, by the failure to exercise reasonable care to mitigate their alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(Contribution)

8. Without admitting any of the allegations in the Complaint, Defendants allege that the injuries and/or damages alleged by Plaintiffs were proximately caused by, occurred, and/or were contributed to by Plaintiffs' own acts or failures to act.

## NINTH AFFIRMATIVE DEFENSE

(No Causation)

9. Plaintiff is barred, in whole or in part, from recovering from Defendants on any of their claims because there is no causal relationship between any injury alleged to have been suffered, and any act of Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Consent/Acquiescence/Ratification)

10. Plaintiffs acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint.

///

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

11. Plaintiffs have suffered no actual damages and any damages claimed by Plaintiffs in the Complaint are speculative and cannot be recovered from Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

(Lack of Damages)

12. Plaintiffs have not suffered any damages as a result of any actions taken by Defendants and therefore Plaintiffs are barred from asserting any cause of action against Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Necessary Parties)

13. Plaintiffs' causes of action are barred, in whole or in part, for failure to join other parties whose presence is indispensable or necessary to the complete, fair and equitable resolution of this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

14. Defendants were justified and privileged in taking the actions alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Mistake)

15. Any alleged acts or omissions of Defendants that give rise to Plaintiffs' claims are the result of innocent mistake.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fault of Plaintiff)

16. If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs, and not by Defendants.

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Fault of Others)

17. If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Intervening Acts)

18. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

19. Defendants assert as an affirmative defense that Plaintiffs' claims are barred because Defendants' conduct was at all time undertaken in good faith.

## TWENTIETH AFFIRMATIVE DEFENSE

(Lack of Standing)

20. One or more of the Plaintiffs lacks standing to enforce the automatic stay on the property at issue and to challenge the foreclosure sale.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

21. The Complaint fails to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Violation of Automatic Stay)

22. The Complaint fails to state a claim upon which relief may be granted to the extent the foreclosure at issue was proper pursuant to Section 362(b)(20) of the Bankruptcy Code.

///

///

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

23. To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by way of their Complaint;
2. That Defendants be awarded their costs of suit incurred herein;
3. That Defendants be awarded their attorneys' fees to the extent provided by law;
4. That judgment be entered in favor of Defendants; and
5. That Defendants be granted such other relief as the Court deems just and proper.

DATED: December 27, 2010.          REED SMITH LLP


By:      /s/ Molly J. Baier
    Molly J. Baier
    David S. Reidy
    John D. Pingel
    Attorneys for Defendants
    Countrywide Home Loans, Inc. (sued as "America's Wholesale Lender"); BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loan and Insurance Company, Inc."), ReconTrust Company, N.A.; Freddie Mac (sued as "Freddie Mac, Federal National Loan Mortgage Corporation")